UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSE CONTRERAS, § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:25-CV-01156-ADA-DH |
| § | |
| FBI HEADQUARTERS, JULIE § | |
| KOCERUK, § | |
| *Defendants* § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Jose Contreras's application to proceed *in forma pauperis*. Dkt. 2. Because Contreras is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

I.     **REQUEST TO PROCEED *IN FORMA PAUPERIS***

The Court has reviewed Contreras's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Contreras's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Contreras is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Contreras's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants FBI Headquarters and Julie Kocurek[1] ("Defendants") should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.   REVIEW OF THE MERITS OF THE CLAIM

Because Contreras has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

---

[1] While Contreras names Judge Julie *Koceruk* in his complaint, Dkt. 1, at 2, the undersigned presumes that he means to sue Judge Julie Kocurek, as indicated later in his complaint. *See id.* at 4.

2

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Contreras purports to bring claims based on the First, Fourth, and Fourteenth Amendments. Dkt. 1, at 4. Contreras alleges that Judge Kocurek asked FBI agents to "watch" him after he filed another lawsuit against Judge Kocurek in this Court. *Id.*; *see Contreras v. Foye*, No. 1:25-cv-254-RP, 2025 WL 1140242 (W.D. Tex. Mar. 7, 2025), *report and recommendation adopted*, 2025 WL 1140243 (W.D. Tex. Apr. 15, 2025). Contreras states that when he went to FBI headquarters, FBI agents "watched [him] get assaulted with xylazine." Dkt. 1, at 4. He adds that he suffered "multiple organ injuries that [he] didn't receive by the St. Davis hospital," though it is unclear from the complaint what the cause of Contreras's injuries is or why he received treatment from any hospital. *Id.* at 5.

In *Neitzke*, the Supreme Court affirmed judges' power under § 1915 to "pierce the veil of a complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless." 490 U.S. at 327. It acknowledged that among those "baseless" claims are those "describing fantastic or delusional scenarios." *Id.* at 328; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts to contradict them."). The undersigned finds that Contreras's suit describes such a scenario and accordingly recommends dismissal.

### III.     FRIVOLOUS LITIGANT SANCTIONS

Contreras brought four previous lawsuits in this Court, each of which was dismissed under Section 1915 as frivolous. *See Contreras v. Weaver*, No. 1:24-cv-847-RP, 2024 WL 4706587, at *2 (W.D. Tex. Sep. 19, 2024), *report and recommendation adopted*, 2024 WL 4701913 (W.D. Tex. Nov. 5, 2024); *Contreras v. Austin Police Dep't*, No. 1:25-cv-83-RP, 2025 WL 890529, at *2 (W.D. Tex. Feb. 4, 2025), *report and recommendation adopted*, 2025 WL 888563 (W.D. Tex. Mar. 20, 2025); *Contreras v. US Dist. Ct.*, No. 1:25-cv-107-AM, 2025 WL 1732531, at *2 (W.D. Tex. Feb. 4, 2025), *report and recommendation adopted*, 2025 WL 1726321 (W.D. Tex. June 18, 2025); *Contreras v. Foye,* 2025 WL 1140242, at *2. In *Contreras v. Weaver*, Contreras alleged that Defendants Judge Kocurek, Assistant District Attorney Matthew Foye, and Evans Weaver failed to comply with the Americans with Disabilities Act ("ADA") during a criminal case against Contreras. 2024 WL 4706587, at *2. In *Contreras v. Austin Police Department*, Contreras sued the Austin Police Department and law enforcement officers for alleged violations of his Fourteenth Amendment rights in

failing to investigate a police report Contreras made involving "'a 65-year-old white male with diabetes'" who had allegedly stalked, poisoned, and made death threats against Contreras. 2025 WL 890529, at *2 (quoting Contreras's complaint). In *Contreras v. U.S. District Court*, Contreras sued this Court for dismissing a previous lawsuit as frivolous. 2025 WL 1732531, at *2. Finally, in *Contreras v. Foye*, Contreras sought to remove a criminal conviction for driving while intoxicated from his record on the grounds that Defendants Judge Kocurek and Assistant District Attorney Matthew Foye had failed to comply with the ADA in the criminal case against him. 2025 WL 1140242, at *2. The undersigned previously warned Contreras that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continued to file frivolous claims and otherwise abuse his access to the judicial system. *Contreras v. Foye*, 2025 WL 1140242, at *2-3.

    The Court may impose a pre-filing injunction "to deter vexatious, abusive, and harassing litigation." *Nix v. Major League Baseball*, 62 F.4th 920, 936 (5th Cir. 2023). In determining whether to impose such an injunction, the Court must weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Baum v. Blue Moon Ventures*, 513 F.3d 181, 189 (5th Cir. 2008). A pre-filing injunction must

be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 190.

The undersigned finds that all four factors favor a pre-filing injunction here. As explained above, Contreras is a serial litigator who has filed duplicative and vexatious lawsuits. For the second factor, the Court finds that Contreras had no good-faith basis to pursue this duplicative lawsuit against Judge Kocurek. *See Connor v. Stewart*, No. 1:17-CV-827-RP, 2018 WL 4169150, at *3 (W.D. Tex. Aug. 30, 2018), *aff'd*, 770 F. App'x 244 (5th Cir. 2019) (finding that plaintiff pursued her claims in bad faith when she brought them again after dismissal). Third, the initial screening requirements of Contreras's malicious cases have burdened the Court. *Castaneda v. Frausto-Recio*, No. SA-24-CV-0718-JKP, 2024 WL 4381259, at *8 (W.D. Tex. Oct. 3, 2024). Finally, a pre-filing injunction is the sanction most suited to the needs and circumstances of this case. Imposition of court costs or monetary sanctions are not adequate alternatives considering Contreras's lack of financial resources. *Castaneda*, 2024 WL 4381259, at *8-9.

Therefore, the undersigned recommends that the District Judge issue a pre-filing injunction enjoining Contreras from filing any future actions pro se and *in forma pauperis* in the Western District of Texas relating to any criminal report, criminal investigation, or other civil or criminal proceeding in which he was or is involved without receiving written leave from a judge of this Court or the Fifth Circuit.

## IV.   ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Contreras's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** that the District Judge **DISMISS** Contreras's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS AS MOOT** Contreras's remaining pending motions, Dkts. 3; 4.

The undersigned **FURTHER RECOMMENDS** that the District Judge impose a pre-filing injunction declaring that Jose Contreras may not file any future actions pro se and *in forma pauperis* in the Western District of Texas relating to any criminal report, criminal investigation, or other civil or criminal proceeding in which he was or is involved without receiving written leave from a District Judge of this Court or a Judge of the Fifth Circuit.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of

unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 21, 2025.

                                    DUSTIN M. HOWELL
                                    UNITED STATES MAGISTRATE JUDGE